BALTIMORE AND OHIO SOUTHWESTERN RAILROAD CO.

*v.*

THE PEOPLE *ex rel.* W. E. Seaton, County Collector.

*Opinion filed December 16, 1902.*

TAXES—*three mill tax for lighting does not apply to cities organized under general law.* Section 2 of the act of 1883, (Laws of 1883, p. 68,) purporting to confer upon municipal corporations power to levy an additional tax of three mills on the dollar for lighting purposes, does not apply to cities organized under the general law nor affect their power to levy taxes for corporate purposes, as specified in the City and Village act. (*Baltimore and Ohio Southwestern Railroad Co.* v. *People, ante,* p. 541, followed.)

APPEAL from the County Court of Christian county; the Hon. RUFUS M. POTTS, Judge, presiding.

HOGAN & DRENNAN, for appellant.

J. H. MORGAN, (E. A. HUMPHREYS, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment for a delinquent tax, levied by the city of Pana for lighting purposes. The appellant objected to $130 of this tax, and to judgment therefor, on the ground that it was to that extent in excess of three mills on the dollar of its taxable property

in said city.  The objection was overruled and judgment entered.

Counsel for appellant contend that section 2 of the act of 1883, which, among other things, authorizes cities, villages and incorporated towns to levy and collect a tax, in addition to all other taxes, not exceeding three mills on the dollar, to be used exclusively for lighting purposes, (Hurd's Stat. 1899, p. 318,) limits the tax for lighting purposes to three mills, and that the tax complained of, being in excess of that rate, is void.  But counsel for appellee, while conceding that the tax levied is in excess of three mills and that on appellant's property this excess is $130, denies that such excess is illegal, but insists that the statute in question does not apply to cities incorporated under the general law, as is the city of Pana.  Cities under the general Incorporation act have power, by said act, to levy taxes for lighting purposes, and as to them no limit is prescribed except the general limitation of two per cent for all purposes, and we are of the opinion that section 2 of the act of 1883, invoked by appellant, purporting, as. it does, to confer additional power to levy a tax not exceeding three mills for lighting purposes, does not apply to cities organized under the general law.  We have considered and passed upon this question in *Baltimore and Ohio Southwestern Railroad Co.* v. *People*, (*ante*, p. 541,) and reference may be had to the opinion in that case for the reasons given for our decision.

The objection that the judgment rendered is erroneous because *in personam* and not *in rem* is not well taken.  It sufficiently appears from the record that it is against the property for the tax in question, and not against the company, as such.

The judgment will be affirmed.

*Judgment affirmed.*